IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| AMERICAN CHEMISTRY COUNCIL and AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS,<br><br>    Petitioners<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>    Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 23-1204 |

**MOTION FOR LEAVE TO
INTERVENE IN SUPPORT OF RESPONDENT**

Pursuant to Federal Rules of Appellate Procedure 15(d) and 27, and Rules 15(b) and 27 of this Court, Environmental Defense Fund moves for leave to intervene in support of Respondent U.S. Environmental Protection Agency in Case 23-1204. Neither Petitioners American Chemistry Council and American Fuel & Petrochemical Manufacturers nor Respondent Environmental Protection Agency ("EPA") take a position on this proposed intervention.

**INTRODUCTION**

In this case, Petitioners American Chemistry Council and American Fuel & Petrochemical Manufacturers (together, "Petitioners") challenge EPA's final rule ("Rule") entitled "Confidential Business Information Claims Under the Toxic

Substances Control Act (TSCA)," 88 Fed. Reg. 37155 (June 7, 2023). The Rule revises EPA's Confidential Business Information ("CBI") regulations under the Toxic Substances Control Act ("TSCA") to reflect aspects of Congress' 2016 amendments to TSCA. The Rule governs the assertion of CBI claims by chemical companies, as well as EPA's review of these claims and how information that receives a CBI designation (or does not receive such a designation) is managed by the Agency, including whether the public may access it.

Environmental Defense Fund ("EDF") makes use of publicly-available chemical information in its advocacy, including to inform administrative comments and public commentary on proposed Agency actions and rulemakings, chemical companies' applications to manufacture new chemicals, and EPA's review and regulation of the risks from new and existing chemicals. EDF therefore has a substantial interest in ensuring that information that should be made public under TSCA is not kept from the public through improperly broad CBI regulations.

EDF meets the standard for intervention in support of EPA because: its request to intervene is timely, it has a legally protected interest in the petition because improper expansions of CBI protections from disclosure could deny it access to information that it relies upon, its interests may be impaired if Petitioners are successful, and EPA may not adequately represent EDF's interest in

maintaining public access to key information about chemicals to which members of the public may be exposed.

## BACKGROUND

Congress amended TSCA in 2016 through the Frank R. Lautenberg Chemical Safety for the 21st Century Act. Pub. L. No. 114-182, 130 Stat. 448 (2016). The amendments included extensive changes to TSCA's requirements regarding the designation and handling of CBI, aimed at increasing transparency and timely public access to information. In part to reflect some aspects of the new requirements, EPA issued a proposed rule to update its CBI regulations on May 12, 2022. EPA, "Confidential Business Information Claims Under the Toxic Substances Control Act (TSCA)," 87 Fed. Reg. 29078 (May 12, 2022).

EDF submitted extensive comments to EPA on its proposed rule, urging EPA to reconsider and revise numerous proposals, such as EPA's proposed provision narrowing the regulatory definition of health and safety information. EDF, Comments on Proposed Rule: Confidential Business Information Claims Under the Toxic Substances Control Act (TSCA), Docket ID: EPA-HQ-OPPT-2021-0419 at 33-35 (July 11, 2022), available at https://www.regulations.gov/comment/EPA-HQ-OPPT-2021-0419-0050 ("EDF Comments"). After EPA issued its final rule, EDF filed a petition for review. *Environmental Defense Fund v. United States Environmental Protection Agency*,

3

Case No. 23-1166 (D.C. Cir. June 29, 2023). Petitioner American Chemistry Council ("ACC") then moved to intervene in that case, in support of EPA. ACC Motion for Leave to Intervene in Support of Respondents, No. 23-1166, Docket No. 2010263. Petitioners filed the instant case shortly after, and this Court consolidated Petitioners' case with EDF's case. Order Consolidating Cases, No. 23-1166, Docket No. 2011606.

In its comments on EPA's proposed rule, EDF also supported certain of EPA's proposed provisions, such as EPA's codification of specific questions claimants must answer when substantiating a CBI claim, and its determination that inadequately supported claims of exemption from a substantiation requirement are deficient CBI claims. EDF Comments at 46, 53-56. Because Petitioners have not yet filed their statement of issues, EDF does not know what aspects of the Rule Petitioners will challenge. However, in their comments on the proposed rule, Petitioners argued for a variety of modifications that would be contrary to EDF's interests in ensuring and maximizing public access to information on chemicals. For example, Petitioner American Chemistry Council ("ACC") argued that information should not be subject to TSCA's public disclosure provisions and requirements for asserting a CBI claim unless EPA both "uses" the information and receives the information pursuant to a regulatory mandate to submit the information under TSCA. ACC, Comments on Proposed Rule: Confidential

4

Business Information Under the Toxic Substances Control Act (TSCA), Docket ID: EPA-HQ-OPPT-2021-0419-0044, at 3 (July 11, 2022), available at https://www.regulations.gov/comment/EPA-HQ-OPPT-2021-0419-0044 ("ACC Comments"). ACC additionally argued against EPA's proposal to potentially deny a deficient CBI claim and release information to the public if the deficiency is not corrected within a specified timeframe. *Id*. at 10-11. Therefore, Petitioners may argue in this case to restrict public access to information EPA receives and uses under TSCA or that was not properly asserted or substantiated as CBI under TSCA. Such restrictions would negatively impact EDF's advocacy that relies upon public access to information about chemicals and EPA's review and regulation of the substances.

## ARGUMENT

### I. EDF MEETS THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT

#### A. Federal Rule of Civil Procedure 24 Establishes the Standard for Intervention as of Right

Under Federal Rule of Appellate Procedure 15(d), a proposed intervenor must file a motion to intervene within 30 days after the petition for review is filed, and must concisely state the proposed intervenor's interest in the case and its grounds for intervention. This Court has looked to the "policies underlying intervention" under Rule 24 of the Federal Rules of Civil Procedure in determining

5

whether the movant should be granted intervenor status. *See Building & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282-83 (D.C. Cir. 1994). Federal Rule of Civil Procedure 24 allows intervention as of right when four conditions are met: (1) the motion is timely filed, (2) the proposed intervenor has a legally protected interest in the action, (3) the disposition of the action may impair or impede the proposed intervenor's ability to protect its interest, and (4) the existing parties may not adequately represent the proposed intervenor's interests. Fed. R. Civ. Proc. 24(a). EDF meets each of those requirements in this case.

### B. EDF's Motion is Timely

Under Federal Rule of Appellate Procedure 15, a proposed intervenor must file its motion within 30 days of the filing of the petition originating the action. Fed. R. App. Proc. 15(d). ACC and American Fuel & Petrochemical Manufacturers filed the Petition on August 4, 2023. Petition for Review, *Am. Chemistry Council v. U.S. Environmental Protection Agency*, No. 23-1204. This motion to intervene is filed within the 30 days allotted and is thus timely.

### C. EDF Has a Legally Protected Interest that May Be Impaired

This Court has stated that "in the intervention area the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967). Further, this Court has

6

emphasized that this is true "especially in administrative law cases." *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 910 (D.C. Cir. 1977).

Here, EDF's interest is in the information to which it may no longer have access if certain aspects of EPA's TSCA CBI rule are revised in accordance with comments filed by Petitioners. TSCA mandates that certain information cannot be protected from public disclosure. EDF regularly publishes commentary and submits administrative comments to EPA about companies' applications to manufacture new chemicals and EPA's review and regulation of the potential risks of new and existing chemicals. In these publications, EDF makes use of the publicly-available information it has been able to gather on those chemicals. Thus, EDF has a legally protected interest in this information.

Further, EDF's interest may be impaired in this case. As discussed previously, Petitioners have not yet filed their Statement of Issues. However, Petitioners' comments are indicative of the positions they may take. Petitioners seek to challenge EPA's CBI rule likely in order to increase confidentiality allowances and to shield from the public information that EDF relies upon for its advocacy work. ACC Comments. If Petitioners succeed, EDF may lose access to information that it relies on. Thus, EDF's legally protected interest may be impaired by this case.

### D. As Proposed Intervenor-Respondents, EDF Is Not Required to Demonstrate Standing; Standing is Nevertheless Established

This Court has previously required prospective intervenor-respondents to demonstrate that they have Article III standing. *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 316 (D.C. Cir. 2015) ("where a party tries to intervene as another defendant, we have required it to demonstrate Article III standing"). However, in *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, the Supreme Court held that a court erred by inquiring into an intervenor-respondent's independent standing where the respondent satisfied the Article III standing requirement and the intervenor sought the same relief. 140 S. Ct. 2367, 2379 n.6 (2020). *See also Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019) (noting that intervenor had not independently invoked the court's authority or sought additional relief below, and had thus not been required to demonstrate its standing). Other courts have acknowledged this change in requirements and have not required independent proof of standing for intervenor-defendants. *See Env't Integrity Project v. Wheeler*, No. 20-cv-1734, 2021 U.S. Dist. LEXIS 254365, at *7 (D.D.C. Jan. 27, 2021) ("This Court therefore concludes that, because the Business Entities are seeking to intervene as defendants, and are not invoking the Court's jurisdiction—let alone seeking 'relief that is broader than or different from the party invoking [the] [C]ourt's jurisdiction[,]'—they are not required to demonstrate that they have Article III

8

standing.") (citation omitted) (Brown Jackson, J.); *Greater Chautauqua Fed. Credit Union v. Marks*, No. 1:22-cv-2753, 2023 U.S. Dist. LEXIS 57087, at *12 (S.D.N.Y. Mar. 31, 2023).

Here, EDF seeks to intervene on behalf of EPA in order to defend the sections of the Agency's Rule that Petitioners will likely seek to overturn. This relief would be the same as that sought by EPA – a decision denying the petition for review of certain portions of the Rule. Accordingly, EDF should not be required to demonstrate that it has independent Article III standing.

In the alternative, EDF can establish standing. A party has informational standing when a statute requires information to be publicly disclosed, the information is not disclosed (or would not be disclosed), and "there is no reason to doubt" the party's claim that the information would help them. *Ethyl Corp. v. EPA*, 306 F.3d 1144, 1148 (D.C. Cir. 2002). This Court has previously held that, in challenging a TSCA rule that would have modified CBI disclosure provisions and potentially denied EDF access to information that it uses for its TSCA advocacy, EDF established a "quintessential claim of informational standing." *EDF v. EPA*, 922 F.3d 446, 452 (D.C. Cir. 2019).

Here, Petitioners' challenge to EPA's Rule may result in modifications to the Rule that would deny EDF access to information that should be publicly disclosed and that EDF relies upon for its advocacy. EDF regularly compiles and

9

conducts analyses of chemical hazards, exposures, and risks that make use of and rely on access to publicly-available information. EDF publishes and communicates to the public this information through various means, including blog posts, presentations at public meetings, interviews with journalists, and papers in scientific journals. EDF also uses this information in preparing administrative comments to EPA to support its arguments and positions regarding companies' applications to manufacture new chemicals and EPA's review and regulation of the potential risks of new and existing chemicals. Petitioners apparently seek to challenge EPA's CBI rule in order to increase protections from disclosure for information that EPA's current rules mandate should be public, and which EDF relies upon for its advocacy work. Thus, EDF has Article III standing in this Action.

### E. The Existing Parties May Not Adequately Represent EDF's Interests

Movants for intervention need only show that representation "may" be inadequate. *Dimond v. District of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986). This Court has characterized the test for adequacy of representation as "not onerous" and "low." *Fund for Animals, Inc. v. Norton*, 276, 322 F.3d 728, 735, 736 n. 6 (D.C. Cir. 2003). It has further stated that a movant "ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation." *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C.

10

Cir. 1980). Further still, this Court has stated that "we look skeptically on government entities serving as adequate advocates for private parties." *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 321 (D.C. Cir. 2015).

EDF cannot rely upon EPA to protect its interests in this case. EPA's motivation is distinct from EDF's because EDF seeks to defend the aspects of the rule that may be challenged by Petitioners in order to preserve EDF's access to information. EDF seeks to protect this access to ensure it can engage in strong advocacy for health-protective chemical evaluations and regulations. While EPA may share with EDF a general interest in protecting certain provisions in the Rule, this Court has stated that such a "general agreement" does not "ensure agreement in all particular respects about what the law requires." *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977). Indeed, EDF has many objections to EPA's Rule – which are the subject of EDF's own petition for review – and its differences in opinion on legal and factual issues regarding CBI that are evident in EDF's challenge to the Rule may also result in differences of opinion regarding Petitioners' challenge. As a result, EPA may not adequately represent EDF's interests.

## II. EDF SHOULD BE GRANTED PERMISSIVE INTERVENTION IN THE ALTERNATIVE

Under Federal Rule of Civil Procedure 24(b), permissive intervention is allowed where "an applicant's claim or defense and the main action have a

11

question of law or fact in common." This Court has stated that this low bar for permissive intervention is due to "the apparent goal of disposing of related controversies together." *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998). Applying this principal to intervention at the appellate level, EDF is entitled to permissive intervention because it expects to defend certain provisions of EPA's Rule that Petitioners will challenge. These "controversies" are clearly related, and the lawfulness of the provisions will be a question of law in common between this case and EDF's proposed defense of the provisions.

Further, EDF's participation as an intervenor will not unduly delay or prejudice this case. When granting permissive intervention, courts must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. Proc. 24(b). At this time, Petitioners' case has been consolidated with EDF's case, Petitioners have not yet filed their statement of issues, and a merits briefing schedule has not yet been established. EDF's intervention in this case would not cause undue delay or prejudice to the parties at this early stage.

## CONCLUSION

For the foregoing reasons, EDF respectfully requests leave to intervene as Respondent in this case.

August 24, 2023

                Respectfully submitted,

                */s/ Samantha Liskow*
                Samantha Liskow
                Colin Parts
                ENVIRONMENTAL DEFENSE FUND
                257 Park Ave S
                New York, NY 10010
                (212) 616-1247
                sliskow@edf.org

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. Proc. 27(d)(2)(A) because it contains 2,537 words, excluding the parts exempted by Fed. R. App. Proc. 32(f). The motion also complies with the typeface requirements of Fed. R. App. Proc. 32(a)(5)(A) and the type-style requirements of Fed. R. App. Proc. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

DATED: August 24, 2023

*/s/ Samantha Liskow*
Samantha Liskow

## CERTIFICATE OF SERVICE

I certify that today I filed this document with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit, through the Electronic Case Filing (ECF) system.

DATED: August 24, 2023

*/s/ Samantha Liskow*
Samantha Liskow